UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STEVEN KOHLER, and
DAVID RYALS,

    Plaintiffs,

vs.                                                       CASE NO. 3:07-cv-344-J-33TEM

UNITED STATES OF AMERICA,

    Defendant.
_____

## O R D E R

This case is before the Court on Johnson Controls-Hill, Inc. (Johnson) and its workers' compensation carrier Crum & Forster Insurance Company's (Crum & Forster) (collectively, Intervening Parties) Amended Workers' Compensation Carrier's Motion to Intervene (Doc. #13).[1]

The Intervening Parties move to intervene in the instant action pursuant to Federal Rule of Civil Procedure 24, which permits a party, upon timely application, to intervene in an action,

> When a statute of the United States confers an unconditional right to intervene or when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a).

---

[1] The original Workers' Compensation Carrier's Motion to Intervene (Doc. #10) was filed on September 6, 2007; counsel was directed to, and did, re-file the instant amended motion to intervene (Doc. #14) on September 13, 2007.

The Eleventh Circuit has directed that district courts must allow a party to intervene where the intervening party establishes the requirements of Rule 24(a).  *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989).

The instant action was commenced by Steven Kohler and David Ryals (collectively, Plaintiff Employees) on April 26, 2007.  (Doc. #1).  The Intervening Parties originally filed the instant motion on September 6, 2007.  Accordingly, the Court finds that the motion was timely filed.

Under 33 U.S.C. § 933 (Section 933), an intervening party has a right to reimbursement for compensation paid to an employee plaintiff when an employee plaintiff initiates litigation against a third party.  Here, Plaintiff Employees filed the instant action against the United States (a third party), and under Section 933, the Intervening Parties would have a right to reimbursement should Plaintiffs prevail.  *Bloomer v. Liberty Mut. Ins. Co.*, 445 U.S. 74, 80-81 (1980) (finding an employer and insurance company are entitled to reimbursement of compensation paid to an employee to prevent double recovery by plaintiff employee).

Moreover, Crum & Forster's rights to reimbursement are subrogated to Johnson's rights to the same under Section 933(h), and contemporaneously filed with the instant motion was Crum & Forster's Notice of Lien (Doc. #14)–which asserts a lien against Plaintiff Employees' recovery up to the amount previously paid by Crum & Forster.  Accordingly, based on 33 U.S.C. § 933, the rule in *Bloomer*, and the filing of a notice of lien, the Court finds that the Intervening Parties have an interest in the subject matter of this litigation.  Furthermore, the Court finds that the interest of the Intervening Parties is not adequately represented by any party before the Court such that their efforts to protect their

interest would be impaired if prevented from intervening.

Thus, upon due consideration, the Intervening Parties' Amended Workers' Compensation Carrier's Motion to Intervene (Doc. #13) is hereby **GRANTED**.

**DONE AND ORDERED** at Jacksonville, Florida this  29th  day of October, 2007.

Copies to all counsel of record
and *pro se* parties, if any

**THOMAS E. MORRIS**
United States Magistrate Judge