**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

STEVE KOHLER and
DAVID RYALS,

    Plaintiffs,

and

JOHNSON CONTROLS-HILL, LLC and     CASE NO. 3:07-cv-344-J-34TEM
CRUM & FORSTER INSURANCE COMPANY,

    Intervenors,

vs.

UNITED STATES OF AMERICA,

    Defendant.

_____/

## O R D E R

This matter is before the Court on Plaintiffs' Motion to Strike Affirmative Defenses (Doc. #32, Motion to Strike) and Defendant United States' ("Defendant") response in opposition thereto (Doc. #33). A hearing was held before the undersigned on January 14, 2009.[1] After reviewing the Motion to Strike (Doc. #32), hearing argument from the parties, and considering the applicable law, the undersigned finds the Motion to Strike (Doc. #32) is due to be denied for the reasons set forth below.

On August 29, 2008, Defendant filed a motion for leave to amend its answer and affirmative defenses (Doc. #23, Motion to Amend). Any response in opposition to Defendant's Motion to Amend (Doc. #23) would have been due on or before September

---

[1] The non-transcribed recording of the hearing is hereby incorporated by reference. The parties may contact the Courtroom Deputy of the undersigned if a transcript of the hearing is desired.

18, 2008. No response in opposition was ever filed by Plaintiffs. Accordingly, said motion was granted by this Court as unopposed on October 9, 2008 (*see* Doc. #27).

In the Court's Order (Doc. #27) granting the Motion to Amend, the Court stated, "Defendant shall have twenty (20) days from the date of this Order within which to file an amended answer and affirmative defenses" (Doc. #27 at 2). Although the Order (Doc. #27) was signed on October 7, 2008, it was not entered into the docket until October 9, 2008. Subsequently, on October 29, 2008, Defendant filed its amended answer and affirmative defenses (which was exactly twenty (20) days after the Order was entered).

Plaintiffs first argue in the Motion to Strike (Doc. #32) that Defendant's amended answer and affirmative defenses should be stricken as untimely since the document was filed twenty two (22) days after the signature date on the Order (Doc. #32 at 6). The Court disagrees. Since the Order at issue was not entered into the record until October 9, 2008, the Court finds Defendant was not in error by understanding it had up and until October 29, 2008 to file its amended answer and affirmative defenses. By stating Defendant "shall have twenty (20) days from the date of this Order," it was the Court's intention to give Defendant twenty (20) days from the date Defendant was made aware of the Order within which to file its amended answer and affirmative defenses. Accordingly, the Court finds Defendant's amended answer and affirmative defenses was timely filed.

Plaintiffs next argue that they are "overwhelmingly prejudiced by the entirely new doctrines and theories [raised in the amended answer and affirmative defenses but] never before alleged by Defendant" (Doc. #32 at 2). As a preliminary matter, the undersigned notes this argument would have been more appropriately raised in a response in opposition to Defendant's Motion to Amend (Doc. #23), not in a subsequent motion to strike the

2

amended pleading. Second, the undersigned finds Defendant's asserted *Fabre* defense is not "entirely new" and that this defense was, in fact, alleged in the original answer and affirmative defenses, filed June 29, 2007 (*see* Doc. #7 at 13). *See also Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993).

To illustrate, Defendant's Seventh affirmative defense states, in pertinent part, that the injuries alleged in the complaint (Doc. #1) were "directly or proximately caused, in whole or in part, by the negligent or wrongful act or omission of other *unnamed parties* who at all times were outside the control or direction of the [Defendant] United States of America" (Doc. #7 at 13) (emphasis added). Defendant's Eighth affirmative defense states the injuries alleged in the complaint, "are the result of the negligence of other *unnamed parties* or contractors for which defendant [the United States] is entitled to an apportionment in accordance with Section 768.81 Fla. Stat." (Doc. #7 at 13).

Florida Statutes Section 768.81 provides as follows:

> (3) **Apportionment of damages.** – In cases to which this section applies, the court shall enter judgment against each party liable on the basis of such party's percentage of fault and not on the basis of the doctrine of joint and several liability.
>
> (a) In order to allocate any or all fault to a nonparty, a defendant must affirmatively plead the fault of a nonparty and, absent a showing of good cause, identify the nonparty, if known, or describe the nonparty as specifically as practicable, either by motion or in the initial responsive pleading when defenses are first presented, subject to amendment any time before trial in accordance with the Florida Rules of Civil Procedure.

Fla. Stat. § 768.81.

Here, Defendant plead in its original answer and affirmative defenses (Doc. #7) that the injuries alleged in the complaint were, in whole or in part, the result of the negligence of other unnamed parties (Doc. #7 at 13). The undersigned finds the aforementioned assertion placed Plaintiffs on fair notice regarding Defendant's intention to assert a *Fabre* defense. In addition, in the Motion to Amend (Doc. #23), Defendant specifically identified the two (2) *Fabre* defendants it claims are responsible for, at least a portion of, Plaintiffs' injuries (Doc. #23 at 2).[2] This identification follows the provisions of Florida Statutes Section 768.81, which require the party asserting a *Fabre* defense to "describe the nonparty as specifically as practicable, *either by motion* or in the initial responsive pleading when defenses are first presented, *subject to amendment any time before trial in accordance with the Florida Rules of Civil Procedure*." Fla. Stat. § 768.81 (emphasis added). Based on the foregoing, the undersigned does not find Defendant's *Fabre* defense is an "entirely new" doctrine or theory of defense in this cause of action and that, by way of motion practice and amending the responsive pleading, Defendant simply identified the originally asserted *Fabre* defendants as required by Florida Statutes Section 768.81.[3]

With respect to the addition of a borrowed servant defense, although this defense was not asserted in the original answer and affirmative defenses (Doc. #7), Defendant particularized in its Motion to Amend, with citation to authority, its intent to add said

---

[2]Defendant specifically identified Johnson Control-Hill, LLC and the "Seaward entities" (more particularly described on page seven of the Motion to Amend) as *Fabre* defendants (Doc. #23 at 2, 7 n.7).

[3]As stated in the Motion to Amend (Doc. #23), although this cause was initiated on April 26, 2007 (*see* Doc. #1), the present counsel of record for Defendant entered her appearance as trail counsel on January 4, 2008 (Doc. #23 at 1). Counsel for Defendant avers that, in the course of working on the matter, she discovered that Defendant's original answer and affirmative defenses (Doc. #7) did not satisfy applicable case law by specifically identifying the potential *Fabre* defendants (Doc. #23 at 2). Ostensibly, this was a primary reason for filing the Motion to Amend (Doc. #23).

affirmative defense (Doc. #23 at 2, 9-12).  *See Canty v. A. Bottacchi, S.A. de Navegacion*, 849 F.Supp 1552 (S.D. Fla. 1994) (articulating the test to be used when determining whether an individual is a borrowed servant).  Accordingly, the undersigned finds Plaintiffs were given fair notice as to Defendant's intention to add the borrowed servant doctrine as an affirmative defense by way of the Motion to Amend (Doc. #23).  Furthermore, Plaintiffs had ample time to file a response in opposition to said motion–which they did not.

As an additional matter, during the hearing, the parties discussed the potential need for taking several post discovery depositions should the Court deny Plaintiffs' Motion to Strike (Doc. #32).  The Court, having considered the parties contentions, determines that the parties shall each be allowed two (2) post discovery depositions.[4]  Moreover, the undersigned notes the parties are scheduled to attend a Final Pretrial Conference with the District Judge on January 28, 2009.  If the parties deem it necessary to request an extension of the dispositive motions deadline, or if the parties require a continuance of the trial, they may make said request(s), if any, before or during the Final Pretrial Conference.

Accordingly, it is hereby **ORDERED**:

1. Plaintiffs' Motion to Strike Affirmative Defenses (Doc. #32) is **DENIED**.

2. Plaintiffs shall be allowed to take two (2) post discovery depositions on or before February 23, 2009.

---

[4]Plaintiffs made much of the fact that, before the amended answer and affirmative defenses was filed, Defendant "pressed" individuals during the taking of two (2) depositions right before the close of discovery regarding "facts which, in retrospect, appear to be relevant to the issues of a borrowed servant status and comparative liability" (Doc. #32 at 4).  The undersigned notes these depositions were taken subsequent to the Motion to Amend (Doc. #23) being filed and ruled upon.  Since the undersigned has already determined that the Motion to Amend (Doc. #32) placed Plaintiffs on fair notice as to Defendant's intention to assert the aforementioned defenses, the undersigned fails to see the significance of this contention as it relates to the Motion to Strike (Doc. #32).  The undersigned, however, does find this contention supports Plaintiffs' request for two (2) post discovery depositions.

3. Defendant shall be allowed to take two (2) post discovery depositions on or before February 23, 2009.

4. Any motion for an extension of the dispositive motions deadline, or any motion for a continuance of the trial, should be made before or during the upcoming Final Pretrial Conference, scheduled for January 28, 2009.

**DONE AND ORDERED** at Jacksonville, Florida this  22nd  day of January, 2009.

Copies to:
Counsel of Record

**THOMAS E. MORRIS**
United States Magistrate Judge